Electronically Filed - JACKSON - INDEPENDENCE - October 20, 2023 - 05:29 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

**MONIQUE WILLIAMS**

        **Plaintiff,**

v.

**CITY OF INDEPENDENCE,
MISSOURI**
Serve at:
City Hall
111 E. Maple
Independence, MO 64050

**INDEPENDENCE CHIEF OF POLICE
ADAM DUSTMAN,**
Serve at:
Independence Police Department
223 N. Memorial Drive
Independence, MO  64050

        **Defendants.**

**Case No. _____**

<u>**PETITION FOR DAMAGES**</u>

      COME NOW, Plaintiff Monique Williams, by and through undersigned counsel and for

her Petition for Damages, state as follows:

<u>**PARTIES**</u>

1.      Plaintiff Monique Williams is a married individual over the age of 18 and is a resident of

Kansas City, Jackson County, Missouri.

2.      Defendant the City of Independence, Missouri, is a municipality in Jackson County,

Missouri, and can be served at City Hall, 111 E. Maple, Independence, Missouri 64050.

3.      At all times pertinent hereto, all employees and agents of Defendant Independence were

acting in their individual capacity, and as agents of Defendant within the course and scope of their

<div align="center">1</div>

**EXHIBIT 2**

employment and authority in furtherance of the interests of Defendant Independence. All the acts and omissions of the employees of Defendant Independence are imputed to their employer who is liable for such acts, omissions, policies, procedures, practices, and customs.

4.      Defendant Adam Dustman ("Dustman"), Chief of Police, is employed by the Independence, Missouri Police Department, and was acting under color of law, in the course and scope of his employment, in a supervisor capacity as related to personnel officers employed by Defendant Independence, who has care, custody and control of the Plaintiff in this matter. Defendant Dustman is jointly and/or severally responsible for hiring, training, retaining and supervising officers of the Independence Police Department, and for establishing and implementing appropriate policy, procedure, custom and practice for the Independence Police Department, and for ensuring those policies, procedures, customs, and practices are followed.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court pursuant to RSMo. §506.500, in that the Plaintiff's causes of action arise out of Defendants committing tortious acts within the State of Missouri.

6.      Venue is proper in this Court pursuant to RSMo. §508.010, in that Plaintiff was damaged due to the wrongful acts and conduct of the Defendant in Jackson County, Missouri.

7.      Defendant is a government municipality in Jackson County, Missouri.

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

8.      On the evening of March 3, 2022, Plaintiff, her adult son and minor daughter, were inside their home. Plaintiff's son received a telephone call from a friend, warning him that his ex-girlfriend ("female assailant"), was on her way to "cause trouble".

9.      The female assailant had been harassing and threatening Plaintiff and her son via text message and telephone calls for many days prior to the subject incident because of his request that

a DNA test be taken to determine the paternity of the infant son the female assailant had recently birthed ("grandchild").

10.  The female assailant pulled in front of Plaintiff's residence and began honking her horn and screaming "Come get this fucking baby!" while an unidentified teen passenger exited the vehicle and ran towards Plaintiff's home in fear as well.

11.  Plaintiff and her son exited their home to attempt to deescalate the situation, at which point the female assailant brandished a handgun, waved it at Plaintiff's son and began yelling that she was going to "...pop his ass."

12.  Due to the presence of the weapon, Plaintiff attempted to retrieve another child from the female assailant's vehicle as well as her grandchild but was unable to do so.

13.  Plaintiff called 911 for emergency assistance as she was in fear for not only her and her son's life, but the lives of Plaintiff's minor daughter, grandchild and the children who were in custody of the female assailant.

14.  Once the police had been dispatched to the location, Plaintiff began to hear exceedingly loud banging noises outside.  Plaintiff's son exited the home to find the female assailant throwing large rocks at his car, striking the vehicle several times.  He demanded that the female assailant stop, and in response she brandished her handgun once again.

15.  Plaintiff's son quickly moved his vehicle into the garage to avoid the potential of further damage and as he attempted to close the garage door behind himself, the female assailant quickly squeezed through the opening into the garage and began throwing bricks directly at Plaintiff's son.

16.  Plaintiff contacted 911 for a second time and was told that the police were in the area but that they were waiting for back up before arriving on the scene.

17.     Plaintiff's son, who had also been physically struck numerous times by the female assailant, demanded that she leave the property.

18.     Plaintiff's son eventually managed to run back into the home with his mother and sister.

19.     Plaintiff then dialed 911 for a third time, informing law enforcement that the female assailant had brandished a gun at her son and had threatened them both.

20.     Plaintiff also reported that the female assailant had other minor children in her vehicle, including Plaintiff's grandchild. Plaintiff relayed a description of the vehicle and was again told that police were in the area but were still awaiting backup.

21.     During that time span, the female assailant fled the scene.

22.     Approximately five minutes later, the female assailant returned and violently started pounding on the door and ringing the doorbell repeatedly.

23.     The female assailant then began kicking the front door, causing a large and yelling, "That's why you're going to die" while running back and forth erratically in front of the home.

24.     Finally, Plaintiff saw police officers with flashlights and felt safe to step outside, where she witnessed officers holding shields, batons, and flashlights, coming from across the street near the neighbor's home.

25.     Next, the officers were yelling "Stop!" to Plaintiff and her son. She informed them she was the homeowner who first contacted the police.

26.     Multiple officers entered the Plaintiffs' yard, and Plaintiff and her son were outside with the police officers. Plaintiff and her son sat on the front steps, while the officers began to question Plaintiff, she began relating the trauma and physical danger her family just endured.

27.     Plaintiff's son was ordered to stand up and was searched. He then was immediately handcuffed and placed into one of the waiting police vehicles.

28.     The female assailant continued to stand next to her vehicle and taunt Plaintiff's son as he was manhandled by the officers.

29.     Plaintiff attempted to tell the officers that she and her son were the victims, as the female assailant was laughing loudly in the driveway.

30.     Plaintiff attempted several times to give her statement to an unidentified officer who appeared to be in a supervisory capacity, when he suddenly yelled loudly "I'm not dealing with this shit. Everybody can go to jail today. I'm done with this shit, let's go!"

31.     Plaintiff immediately requested to make a report so that she and her son could pursue charges against the female assailant, and the unidentified officer facing her said "Nope. I'm not taking a report."

32.     Plaintiff then asked for his supervisor, to which he responded by taking his flashlight and shining it directly into her eyes. In response to this aggressive action, Plaintiff then asked for the captain. The officer replied: "I'm not doing anything."

33.     Plaintiff told the unidentified officer she felt threatened and that she and her son were being treated unfairly. Plaintiff then asked for the officer's name and badge number. When the officer refused to give her the requested information, Plaintiff then stated that she would have no other choice but to call 911 again so she could request another officer to make a report and pursue charges against the female assailant.

34.     The unidentified officer screamed at Plaintiff that if she called 911 he would arrest her, stating: "If you call 911, you're going to jail!".

35.     The officers turned and began walking towards their vehicles, and Plaintiff headed back into her home. As she turned around to locate which police vehicle her son was still being held in, she pulled her cellular telephone out of her back pocket and started to dial 911.

36.     Suddenly Plaintiff heard her minor daughter scream in terror. When Plaintiff turned around, as she entered her home, Plaintiff saw Officer Storey (#1511) who previously threatened to arrest her, rushing toward her home.  Nearly breaking her front door off its hinges, Officer Storey (#1511) then grabbed Plaintiff from behind and violently pushed her to the ground.

37.     Officer Storey (#1511) then picked her up by the back of her clothing, threw her back down on her left side, grabbed her by her back, wrapped his arm around the base of her neck and pulled her head backwards resting his knees on her back.

38.     Plaintiff was begging the officer not to hurt her and once she was forced on her feet, Plaintiff requested someone call EMS and Officer Storey (#1511) replied, "Nope. I'm not calling anybody to help you, but I am calling DFS to tell them to pick up your daughter."

39.     Plaintiff was then placed into a police car. She told the surrounding officers that she had a heart condition and needed immediate medical attention but was told that paramedics would not be called to the scene because "it was because you ran" that she had been attacked with such force.

40.     Plaintiff was then moved to numerous different police vehicles, and with each move she would request medical assistance.

41.     An unidentified female officer finally told the other officers that the paramedics needed to be called to the scene.

42.     Plaintiff's husband arrived in the driveway and was extremely upset when he saw the terrified, battered condition of his wife.

43.     The police officers finally called the paramedics. When the paramedics arrived, they notified Plaintiff that they believed she should be transported to the hospital due to her alarming heart rate.

44.     However, one of the officers on the scene informed Plaintiff that she would be allowed to seek medical attention at the hospital via ambulance, however if she chose to do so, she would be handcuffed to the bed and then subsequently transported to jail as soon as she is released.

45.     To avoid the humiliation and shame, Plaintiff decided to forego transportation to the hospital and simply chose to be transported to jail for booking.

46.     Plaintiff was also issued a citation for "misuse of 911".

47.     Plaintiff was given a cash bond and was forced to contact a bail bondsman for her removal.

## COUNT I – DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS OF LAW
### (v. *All Defendants*)

48.     Plaintiff adopts and incorporates by reference all the allegations contained in the previous paragraphs as though fully set forth herein.

49.     Pursuant to 42 U.S.C. § 1983 and for purposes of this action, Plaintiff is a citizen of the United States.

50.     Defendants, acting individually and collectively, and within the scope of their employment, knowingly deprived Plaintiff of his clearly established constitutional right to due process of law by falsely declaring that he had an active warrant for his arrest.

51.     Defendants, acting individually and collectively, and within the scope of their employment, knowingly deprived Plaintiff of his clearly established constitutional right to due process of law by arresting Plaintiff without the existence of probable cause, upon which a reasonable and prudent person could deem in the totality of the circumstances.

52.     At all relevant times, Defendants were acting under the color of state law, intentionally and with disregard for Plaintiff's clearly established constitutional rights.

53.     Defendants knew, or should have known, that their conduct would result in Plaintiff's wrongful arrest and incarceration.

7

54.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff sustained significant losses and damages, as follows:

    A.   significant physical injury;

    B.   emotional pain and suffering;

    C.   insult;

    D.   mental distress;

    E.   anxiety; and

    F.   inconvenience.

WHEREFORE, Plaintiff requests that this Court enter Judgment against Defendants granting such relief as is appropriate, including statutory damages, compensatory damages, actual and special damages, prejudgment interest, attorneys' fees, and costs pursuant to 42 U.S.C.§ 1988(b), punitive damages pursuant to 42 U.S.C.§ 1983, together with the costs of this action; and for such further relief as the Court deems just and proper.

### COUNT II – EXCESSIVE FORCE
**(v. *All Defendants*)**

55.     Plaintiff adopts and incorporates by reference all the allegations contained in the previous paragraphs as though fully set forth herein.

56.     42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..

57.     Pursuant to 42 U.S.C. § 1983 and for purposes of this action, Plaintiff is a citizen of the United States.

8

58.     Pursuant to 42 U.S.C. § 1983 and for purposes of this action, Defendants are persons.

59.     At all relevant times, Defendant was acting under the color of state law in their capacity as law enforcement officers and their acts or omissions were conducted within the scope of their official duties or employment.

60.     Defendant is not entitled to qualified immunity for the conduct complained herein.

61.     At all relevant times, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

62.     At all relevant times, Plaintiff had a clearly established constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

63.     Any reasonable law enforcement officer knew or should have known of these rights at the time of the conduct complained of herein, as Plaintiff's rights were clearly established at that time.

64.     Defendant's actions and use of force, as described herein, were objectively unreasonable considering the surrounding facts and circumstances, and violated Plaintiff's Fourth Amendment rights.

65.     Defendant's actions and use of force were malicious, reckless, callous, and constitute a deliberate indifference to Plaintiff's constitutional rights.

66.     Defendant unlawfully seized Plaintiff by means of objectively unreasonable, excessive, and outrageous physical force, thereby violating the Fourteenth Amendment rights of Plaintiff and depriving Plaintiff of her freedom.

67.     Defendant's conduct was intentionally extreme and outrageous, and with conscious awareness that Defendant would cause Plaintiff severe emotional and physical injuries.

68.     At all relevant times, Plaintiff at no point posed a threat or threatened immediate bodily harm or injury to Defendant, any other law enforcement officer, or other persons.

69.     At all relevant times, Defendant was acting pursuant to municipal custom, policy, decision, ordinance, regulation, or practice as related to the subject arrest and use of force against Plaintiff.

70.     Despite not having an active warrant for her arrest or not having committed a crime, Plaintiff was tackled, forcibly restrained, arrested, and incarcerated.

71.     As a direct and proximate result of Defendant's unreasonable use of excessive force, Plaintiff sustained significant losses and damages, as follows:

      A.  significant physical injury;

      B.  emotional pain and suffering;

      C.  insult;

      D.  mental distress;

      E.  anxiety; and

      F.  inconvenience.

WHEREFORE, Plaintiff requests that this Court enter Judgment against Defendants granting such relief as is appropriate, including statutory damages, compensatory damages, actual and special damages, prejudgment interest, attorneys' fees, and costs pursuant to 42 U.S.C.§ 1988(b), punitive damages pursuant to 42 U.S.C.§ 1983, together with the costs of this action; and for such further relief as the Court deems just and proper.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (v. *All Defendants*)

72.     Plaintiff adopts and incorporates by reference all the allegations contained in the previous paragraphs as though fully set forth herein.

73.     Defendants' agents, employees, and representatives, acting within the course and scope of their employment, knowingly and intentionally intended to cause emotional distress, or should have known their actions of unreasonably tackling, forcibly restraining, arrested, and incarcerating

10

Electronically Filed - JACKSON - INDEPENDENCE - October 20, 2023 - 05:29 PM

Plaintiff, would result in serious emotional distress to Plaintiff, and Defendants' actions extend beyond the bounds of civility.

74.     Plaintiff did not have an active warrant for her arrest, and probable cause did not exist for Plaintiff to be seized by the arresting officer, thus the actions and conduct of Defendants and Defendants' agents, employees and representatives were extreme and outrageous.

75.     At all relevant times that Defendants' agents, employees, and representatives deliberately violated Plaintiff's constitutional rights, directly and proximately caused Plaintiff to be falsely arrested.

76.     Defendants are liable for the actions of Defendants' employee under a theory of *respondeat superior* and the rules of agency, in furtherance of Defendants' interests.

77.     The actions and conduct of Defendants' agents, employees, and representatives displayed an intentional indifference or conscious disregard for the rights of Plaintiff.

78.     The actions and conduct of Defendants proximately caused Plaintiff to suffer severe mental and emotional distress, including depression, grief, anguish, and anger.

79.     The actions and conduct of Defendants were for the purpose of causing Plaintiff severe emotional distress, so as to affect Plaintiff's mental state.

80.     Despite not having an active warrant for her arrest or not having committed a crime, Plaintiff was tackled, forcibly restrained, arrested, and incarcerated.

81.     Plaintiff has been damaged as a direct and proximate result of Defendants' actions. Plaintiff has suffered injuries including, but not limited to:

    A.   significant physical injury;

    B.   emotional pain and suffering;

    C.   insult;

    D.  mental distress;

    E.  anxiety; and

    F.  inconvenience.

WHEREFORE, Plaintiff requests that this Court, after a trial by jury of her claims, enter Judgment against Defendants granting such relief as is appropriate, including compensatory damages as are fair and reasonable, Plaintiff's reasonable attorneys' fees, expert witness fees and the costs of this action; and for such further relief as the Court deems just and proper.

### COUNT IV – BATTERY
**(v. *All Defendants*)**

82.    Plaintiff re-alleges and incorporates by reference herein all the allegations contained in the previous paragraphs.

83.    At all times herein, Officer Storey (#1511) was acting within the course and scope of their employment and/ or agency of Defendants. As a result, Defendants are liable for the negligence of their employees/ agents under the theories of vicarious liability and/ or *respondeat superior*.

84.    As Plaintiff attempted to call the 911 operator, Officer Storey (#1511) commanded that Plaintiff get off the phone.

85.    While Plaintiff started to dial, Officer Storey (#1511) immediately ran and tackled Plaintiff from the rear, forcibly restrained her with his knee on her back and placed her under arrest.

86.    The actions as previously described, of Officer Storey's (#1511) actions, in which he tackled, forcibly restrained and arrested Plaintiff when he did not maintain a reasonably objective belief that:

    a.  Plaintiff posed an imminent threat to Officer Storey (#1511) or anyone else;

    b.  Plaintiff was engaged in, or preparing to engage in an illegal activity;

    c.  Plaintiff was obstructing, or preparing to obstruct law enforcement officers in the performance of their duties.

87.    Plaintiff has been damaged as a direct and proximate result of Defendants' actions. Plaintiff has suffered injuries including, but not limited to:

    A.  significant physical injury;

    B.  emotional pain and suffering;

    C.  insult;

    D.  mental distress;

    E.  anxiety; and

    F.  inconvenience.

WHEREFORE, Plaintiff requests that this Court, after a trial by jury of her claims, enter Judgment against Defendants granting such relief as is appropriate, including compensatory damages as are fair and reasonable, Plaintiff's reasonable attorneys' fees, expert witness fees and the costs of this action; and for such further relief as the Court deems just and proper.

### COUNT V – ASSAULT
**(v. *All Defendants*)**

88.    Plaintiff re-alleges and incorporates by reference herein all the allegations contained in previous paragraphs.

89.    At all times herein, Officer Storey (#1511) was acting within the course and scope of their employment and/ or agency of Defendants. As a result, Defendants are liable for the negligence of their employees/ agents under the theories of vicarious liability and/or *respondeat superior*.

90.    As Plaintiff attempted to call the 911 operator, Officer Storey (#1511) commanded that Plaintiff get off the phone.

91. While Plaintiff started to dial, Officer Storey (#1511) immediately ran and tackled Plaintiff from the rear, forcibly restrained her with his knee on her back and placed her under arrest.

92. The actions as previously described, of Officer Storey (#1511), in which he tackled, forcibly restrained and arrested Plaintiff when he did not maintain a reasonably objective belief that:

    a. Plaintiff posed an imminent threat to Officer Storey (#1511) or anyone else;

    b. Plaintiff was engaged in, or preparing to engage in an illegal activity;

    c. Plaintiff was obstructing, or preparing to obstruct law enforcement officers in the performance of their duties.

93. Plaintiff has been damaged as a direct and proximate result of Officer Storey's (#1511) actions. Plaintiff has suffered injuries including, but not limited to:

    A. significant physical injury;

    B. emotional pain and suffering;

    C. insult;

    D. mental distress;

    E. anxiety; and

    F. inconvenience.

WHEREFORE, Plaintiff requests that this Court, after a trial by jury of her claims, enter Judgment against Defendants granting such relief as is appropriate, including compensatory damages as are fair and reasonable, Plaintiff's reasonable attorneys' fees, expert witness fees and the costs of this action; and for such further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff requests a trial by jury on all counts.

Respectfully submitted,

**PK LAW GROUP**

*/s/ Phillip C. Strozier*
PHILLIP C. STROZIER, MO #68803
2015 Grand Boulevard
Kansas City, MO 64108
(816) 929-8777 Phone
(816) 929-8791 Fax
pstrozier@pklawgroup.com
**ATTORNEY FOR PLAINTIFF**

Electronically Filed - JACKSON - INDEPENDENCE - October 20, 2023 - 05:29 PM

**MONIQUE WILLIAMS**

      **Plaintiff,**

v.

**CITY OF INDEPENDENCE,
MISSOURI , et al.,**

      **Defendants.**

Case No. _____

## APPLICATION FOR ORDER APPOINTING SPECIAL PROCESS SERVER

    COMES NOW, the Plaintiff, and moves the Court for an Order permitting as Special

Process Servers, which are qualified to serve process in the State of Missouri, and are over the

age of 18, for service of the Summons:

| | | |
|---|---|---|
| Joseph M Powers PPS23-0144 | Robert Weems PPS23-0342 | |
| Deborah Martin PPS23-0106 | Brandon Fisher PPS23-0053 | |
| Michael Martin PPS23-0107 | | |
| Miles Troxel PPS23-0194 | | |
| Ashton Henry PPS23-0270 | | |
| Lori Denk PPS23-0040 | | |

    Respectfully submitted,

**PK LAW GROUP**

*/s/ Phillip C. Strozier*
PHILLIP C. STROZIER, MO #68803
2015 Grand Boulevard
Kansas City, MO 64108
(816) 929-8777 Phone
(816) 929-8791 Fax
pstrozier@pklawgroup.com
**ATTORNEY FOR PLAINTIFF**

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

MONIQUE WILLIAMS,

                    **PLAINTIFF(S),**                **CASE NO. 2316-CV28082**

**VS.**                                             **DIVISION 5**

CITY OF INDEPENDENCE, MISSOURI,

                    **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

       NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JAMES FRANCIS KANATZAR on 09-FEB-2024** in **DIVISION 5** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

       A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

       At the Case Management Conference, counsel should be prepared to address at least the following:

      a.       A trial setting;

      b.       Expert Witness Disclosure Cutoff Date;

      c.       A schedule for the orderly preparation of the case for trial;

      d.       Any issues which require input or action by the Court;

      e.       The status of settlement negotiations.

Case 4:23-cv-00867-RK   Document 1-2   Filed 11/29/23   Page 17 of 27

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **JAMES FRANCIS KANATZAR**
JAMES FRANCIS KANATZAR**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
PHILLIP C STROZIER, 2015 GRAND BOULEVARD, KANSAS CITY, MO 64105

Defendant(s):
 CITY OF INDEPENDENCE, MISSOURI
ADAM INDEPENDENCE CHIEF OF POLICE DUSTMAN

Dated:  23-OCT-2023                          BEVERLY A. NEWMAN
                                            Court Administrator

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

Electronically Filed - JACKSON - INDEPENDENCE - October 20, 2023 - 05:29 PM

| | |
|---|---|
| **MONIQUE WILLIAMS** | |
| **Plaintiff,** | **Case No. _____** |
| **v.** | |
| **CITY OF INDEPENDENCE, MISSOURI, et al.** | |
| **Defendants.** | |

## ORDER APPOINTING SPECIAL PROCESS SERVER

For good cause shown, as stated in Plaintiff's Application, it is HEREBY ORDERED,

ADJUDGED AND DECREED that the below-named individuals are appointed as Special

Process Servers which are qualified to serve process in the State of Missouri, are over the age of

18, for service of the Summons in this matter.

| | | |
|---|---|---|
| Joseph M Powers PPS23-0144 | Robert Weems PPS23-0342 | |
| Deborah Martin PPS23-0106 | Brandon Fisher PPS23-0053 | |
| Michael Martin PPS23-0107 | | |
| Miles Troxel PPS23-0194 | | |
| Ashton Henry PPS23-0270 | | |
| Lori Denk PPS23-0040 | | |

10/23/2023

DEPUTY COURT ADMINISTRATOR



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JAMES FRANCIS KANATZAR | **Case Number: 2316-CV28082** |
| Plaintiff/Petitioner:<br>MONIQUE WILLIAMS<br><br>**vs.** | Plaintiff's/Petitioner's Attorney/Address<br>PHILLIP C STROZIER<br>2015 GRAND BOULEVARD<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>CITY OF INDEPENDENCE, MISSOURI | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** INDEPENDENCE CHIEF OF POLICE ADAM DUSTMAN
Alias:
SERVE AT INDEPENDENCE POLICE DEPT
233 N. MEMORIAL DRIVE
INDEPENDENCE, MO 64050

# PRIVATE PROCESS SERVER



*COURT SEAL OF*

*JACKSON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

23-OCT-2023
Date                                             Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                          Date                                    Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ (_____ miles @ $._____ per mile) | |
| **Total** | $ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JAMES FRANCIS KANATZAR | **Case Number: 2316-CV28082** |
| Plaintiff/Petitioner:<br>MONIQUE WILLIAMS<br><br>**vs.** | Plaintiff's/Petitioner's Attorney/Address<br>PHILLIP C STROZIER<br>2015 GRAND BOULEVARD<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>CITY OF INDEPENDENCE, MISSOURI | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Other | |
| | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** | **CITY OF INDEPENDENCE, MISSOURI**<br>**Alias:** |

**PRIVATE PROCESS SERVER**

**SERVE AT: CITY HALL**
**111 E. MAPLE**
**INDEPENDENCE, MO 64050**

*COURT SEAL OF*

*JACKSON COUNTY*

     You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

23-OCT-2023
    Date

    Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

*(Seal)*

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
               Date

_____
Notary Public

---

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020

| COURT:<br>**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI AT INDEPENDENCE** | *FOR COURT USE ONLY* |
|---|---|

**PLAINTIFF/PETITIONER:**
**MONIQUE WILLIAMS**

**DEFENDANT/RESPONDENT:**
**CITY OF INDEPENDENCE, MISSOURI**

| **AFFIDAVIT OF SERVICE** | CASE NUMBER:<br>**2316-CV28082** |
|---|---|

Court Date:      Court Time:
**CITY OF INDEPENDENCE, MISSOURI**



**\*101100\***

I, **Mike Martin**, depose and say that:

On **11/13/2023** at **10:43 AM**, I served the within **SUMMONS AND PETITION IN CIVIL CASE** on **CITY OF INDEPENDENCE, MISSOURI** at **111 E. MAPLE, CITY HALL, Independence, MO, 64050** in the manner indicated below:

**GOVERNMENT AGENCY SERVICE:** By delivering a true copy of this process with a copy of the complaint, petition, or other initial pleading or paper (if any) to Lindsay Gullman, AUTHORIZED TO ACCEPT of the above named Government Agency and informing him/her of the contents.

Description of person process was left with:

Sex: **Female** - Skin: **White** - Hair: **Black** - Age: **35+** - Height: **5ft9in** - Weight: **145**

Comments: **Finance specialist**

Signed and sworn to before me on
this 14th day of November, 2023.



Notary Public- Joseph Michael Powers

X _____
**Mike Martin**
816-912-3070
License(s): PPS23-0107
Job#: **101100**

**ID# 23-SMCC-11978**



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JAMES FRANCIS KANATZAR | Case Number: 2316-CV28082 |
| Plaintiff/Petitioner:<br>MONIQUE WILLIAMS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>PHILLIP C STROZIER<br>2015 GRAND BOULEVARD<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>CITY OF INDEPENDENCE, MISSOURI | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** CITY OF INDEPENDENCE, MISSOURI<br>**Alias:** | |

**SERVE AT: CITY HALL**
**111 E. MAPLE**
**INDEPENDENCE, MO 64050**

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

*JACKSON COUNTY*

<u>23-OCT-2023</u>
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

*(Seal)*      **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
Date      Notary Public

---

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ | (_____ miles @ $._____ per mile) |
| **Total** | $ _____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

COURT:
**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

*FOR COURT USE ONLY*

PLAINTIFF/PETITIONER:
**MONIQUE WILLIAMS**

DEFENDANT/RESPONDENT:
**CITY OF INDEPENDENCE, MISSOURI**

| **AFFIDAVIT OF SERVICE** | CASE NUMBER:<br>**2316-CV28082** |
| --- | --- |

Court Date:    Court Time:
**INDEPENDENCE CHIEF OF POLICE ADAM DUSTMAN**



*101099*

I, **Mike Martin**, depose and say that:

On **11/13/2023** at **10:43 AM**, I served the within **SUMMONS AND PETITION IN CIVIL CASE** on **INDEPENDENCE CHIEF OF POLICE ADAM DUSTMAN** at **111 E MAPLE ST., CITY HALL, Independence, MO, 64050** in the manner indicated below:

**GOVERNMENT AGENCY SERVICE:** By delivering a true copy of this process with a copy of the complaint, petition, or other initial pleading or paper (if any) to Lindsay Gullman, AUTHORIZED TO ACCEPT of the above named Government Agency and informing him/her of the contents.

Description of person process was left with:

Sex: **Female** - Skin: **White** - Hair: **Black** - Age: **35+** - Height: **5ft9in** - Weight: **145**

Signed and sworn to before me on
this 14th day of November, 2023.



Notary Public - Joseph Michael Powers

X _____
**Mike Martin**
816-912-3070
License(s): PPS23-0107
Job#: **101099**

ID# 23-SMCC-11979

<div style="text-align: right; writing-mode: vertical-rl;">Electronically Filed - JACKSON - INDEPENDENCE - November 14, 2023 - 03:20 PM</div>



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JAMES FRANCIS KANATZAR | **Case Number: 2316-CV28082** |
| Plaintiff/Petitioner:<br>MONIQUE WILLIAMS | Plaintiff's/Petitioner's Attorney/Address<br>PHILLIP C STROZIER<br>2015 GRAND BOULEVARD<br>KANSAS CITY, MO 64105 |
| **vs.** | |
| Defendant/Respondent:<br>CITY OF INDEPENDENCE, MISSOURI | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** INDEPENDENCE CHIEF OF POLICE ADAM DUSTMAN
**Alias:**
SERVE AT INDEPENDENCE POLICE DEPT
233 N. MEMORIAL DRIVE
INDEPENDENCE, MO 64050

## PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>23-OCT-2023</u>
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date          Notary Public

---

**Sheriff's Fees**
| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.